## Bond v. Long, *Appellant.*

**Practice** : ADMISSION : BURDEN OF PROOF. In an action upon an assigned account, a general denial will impose upon the plaintiff the burden of proving both the account and the assignment, but both are admitted by a special defence.

*Appeal from Howell Circuit Court.*—Hon. J. R. Woodside, Judge.

Affirmed.

*Smith & Krauthoff* and *A. H. Livingston* for appellant.

There is no proof of the partnership or the assignment described by the record. One partner may bring a suit in his own name, on a partnership account, when it has been assigned to him, but he must establish, by proof, the assignment. Abbott's Trial Evid., p. 102,

secs. 2, 3; *O' Neil v. Railroad,* 60 N. Y. 142; *Washoe v. Fire Ins. Co.,* 7 Humph. 75; *Lockridge v. Wilson,* 7 Mo. 279. In this view of the case the two instructions asked by defendant, and refused by the court, should have been given. There was a total failure of proof as to the partnership, and the assignment of the cause of action, and for these reasons the verdict and judgment cannot stand.

*J. C. Fisher* for respondent.

(1) The bill of exceptions shows that the account was assigned in writing. The court would not, therefore, have been justified in giving defendant's instructions. (2) Besides, proof of the assignment was not necessary. It was waived by the defence, and failure to complain upon this point, by motion for new trial, precludes them from raising it here. *Brady v. Connelly,* 52 Mo. 19. Any act showing an intent to assign is sufficient. *Smith v. Sterrett,* 24 Mo. 260. (3) The question of partnership is immaterial.

HENRY, C. J.—This suit originated in a justice's court in Howell county, and was on an account for lumber, alleged to have been sold by plaintiff to the defendant, to the amount of $42.75. Plaintiff had judgment in the justice's court, and again in the circuit court, and defendant has appealed to this court, in which he will fare no better. The plaintiff and one Spears were copartners in the saw mill, and plaintiff claimed the entire bill, alleging that Spears had assigned to him his interes. therein. The written assignment was filed with the account. The defendant stated orally, as his defence, that he did not purchase the lumber of plaintiff, but of one Whitlock, to whom he had paid the bill. He made no issue on the assignment. No testimony was adduced on either side with respect to it, and we infer from the transcript that there was no controversy as to

the assignment, either before the justice of the peace, or in the circuit court.

The defendant was not required to do more than to interpose a general denial, which would have imposed upon the plaintiff the burden of proving the account and the assignment; but he stated orally a specific defence, which virtually admitted both the items of the account and the assignment, and, upon this theory, both trials were had. The refused instructions, asked by defendant, were to the effect that if the lumber was sold and delivered by Bond & Spears, while they were partners, the plaintiff could not recover. Except those instructions, and the written assignment on file, there is not a syllable in the record, directly or remotely relating to that assignment, and no doubt the court refused them on the ground that the assignment was conceded by the special defence made, and throughout the trial. The instructions given fairly submitted to the jury the issue made by the defendant's oral plea, and the judgment is affirmed. All concur.